Approved: _____
JEFFREY C. COFFMAN
Assistant United States Attorney

Before:   THE HONORABLE ANDREW E. KRAUSE
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA          :     COMPLAINT  22mj2827

          - v. -                  :     Violation of 18 U.S.C.
                                        922(g)(1)
ADRIAN McKENZIE,                  :
                                        COUNTY OF OFFENSE:
                                  :     WESTCHESTER
                    Defendant.
                                  :

- - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        EDWARD J. MURPHY, being duly sworn, deposes and says that he is a Task Force Officer ("TFO") with the Federal Bureau of Investigation ("FBI"), and charges as follows:

COUNT ONE
(Felon in Possession of a Firearm)

        1.   On or about March 24, 2022, in the Southern District of New York, ADRIAN McKENZIE, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess a firearm, to wit, a Sturm, Ruger & Co., Inc., model LCP, .380 caliber pistol with serial number 371652602, and the firearm was in and affecting interstate and foreign commerce.

        (Title 18, United States Code, Section 922(g)(1).)

        The bases for my knowledge and for the foregoing charge are, in part, as follows:

        2.   I am a TFO with the FBI and a criminal investigator with the Westchester County District Attorney's Office. I have been personally involved in the investigation of this matter. This

affidavit is based upon my personal participation in the investigation of this matter, and my conversations with law enforcement officers, as well as my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my participation in this investigation, and my review of reports and documents provided by the Mount Vernon Police Department ("MVPD"), I have learned, among other things, the following:

   a. On or about March 24, 2022, at approximately 9:15 p.m., a MVPD Detective Sergeant heard three gunshots in the area of North 9th Avenue, in the City of Mount Vernon, New York, and so advised other officers by radio.

   b. In response, law enforcement officers of the MVPD and Westchester County Police Department ("WCPD") (the "Officers") on patrol in an unmarked police car canvassed in the area of North 9th Avenue, between Valentine Street and West Sydney Ave., in the city of Mount Vernon. The Officers observed a man, subsequently identified as ADRIAN McKENZIE, the defendant, wearing a black hat, black jacket, and red hooded sweatshirt, walking northbound on North 9th Ave. with both of his hands in his jacket pockets. One of the Officers shined his flashlight on McKENZIE, who attempted to conceal himself behind parked vehicles while continuing to walk northbound on 9th Ave., toward West Sydney Ave. The Officers ultimately lost sight of McKENZIE for a time.

   c. The Officers drove around the block and soon observed McKENZIE again, this time in front of 131 West Sydney Ave., between North 9th Ave. and N. 10th Ave (i.e., on the north side of the same block). One of the Officers, a MVPD Detective ("Detective-1"), stated "Police Department!" from the window of the Officers' unmarked car. McKENZIE then attempted to run eastbound on West Sydney Ave., but fell down in the middle of the street.

   d. As McKENZIE was getting back to his feet, Detective-1 observed McKENZIE throw a black object underneath a parked vehicle next to which McKENZIE had fallen. The Officers pursued McKENZIE as he continued to run eastbound on West Sydney Ave., and then southbound on North 9th Ave. (i.e., back toward

2

where the Officers had first observed McKENZIE), caught him in front of 58 North Ninth Ave, and took him into custody. The Officers then returned to the vicinity of 131 West Sydney and recovered the object Detective-1 had seen McKenzie throw under the vehicle. That object was a black holster containing a loaded Sturm, Ruger & Co., Inc., model LCP, .380 caliber pistol with serial number 371652602 (the "Firearm"), with one round in its chamber and five rounds in its magazine.

   e. Following the arrest of ADRIAN McKENZIE, the defendant, on or about the early morning of March 25, 2022, members of the MVPD interviewed McKENZIE. After waiving his *Miranda* rights and agreeing to speak with law enforcement officers, McKENZIE stated, in substance and in part, that he was carrying the Firearm out of fear for his safety, because he is not from the area, and that he had not fired any shots.

  4. I have reviewed criminal history records pertaining to ADRIAN McKENZIE, the defendant, which show that McKENZIE was previously convicted of crimes punishable by more than one year of imprisonment, to wit, McKENZIE was convicted:

   a. on or about January 21, 2000, in New York County Supreme Court, of attempted robbery in the second degree, in violation of New York Penal Law Section 160.10(1), for which he was sentenced to a term of two years' imprisonment;

   b. on or about June 10, 2004, in Pennsylvania, of criminal homicide, in violation of 18 Pa.C.S. § 2501(a), for which he was sentenced to seven and one-half years' to 15 years' imprisonment;

   c. on or about June 10, 2004, in Pennsylvania, of aggravated assault, in violation of 18 Pa.C.S. § 2702(a)(1), for which he was sentenced to seven and one-half years' to 15 years' imprisonment; and

   d. on or about June 10, 2004, in Pennsylvania, of aggravated assault, in violation of 18 Pa.C.S. § 2702(a)(4), for which he was sentenced to seven and one-half years' to 15 years' imprisonment.

  5. As part of my investigation, I have been informed by an agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives who has expertise concerning the manufacturing of firearms and who reviewed a photographs of the Firearm, that the Firearm was manufactured in New Hampshire, Connecticut, or Arizona.

WHEREFORE, deponent respectfully requests that ADRIAN McKENZIE, the defendant, be imprisoned or bailed, as the case may be.

*[signature]*
Task Force Officer Edward J. Murphy
Federal Bureau of Investigation

Sworn to before me

this 25th day of March, 2022

*[signature]*
THE HONORABLE ANDREW E. KRAUSE
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK